**WO**

MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sachchithananthan Pakeerathan Riseepan,<br><br>Petitioner,<br>v.<br><br>Chad Wolf, et al.,<br><br>Respondents. | No. CV-20-00468-PHX-SPL (JFM)<br><br>**ORDER** |

Petitioner Sachchithananthan Pakeerathan Riseepan (A# 213-357-784) has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and an Emergency Motion to Stay Removal (Doc. 2). The Court will enter a temporary stay of removal and require Respondents to answer the Petition.

**I.   Background**

Petitioner is a native and citizen of Sri Lanka. On November 20, 2019, he entered the United States without inspection near Lukeville, Arizona, and was encountered and taken into custody by the United States Department of Homeland Security (DHS). (Doc. 1-2 at 34-38.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Naturalization Act (INA) § 235(b)(1), 8 U.S.C. § 1225(b)(1). He expressed a fear of persecution or torture if returned to Sri Lanka and was referred for a credible fear determination. (*Id.*) Petitioner was then transferred to the Florence Service Processing Center (SPC) in Florence, Arizona, where he is currently detained. (Docs. 1 ¶¶ 1-2, 6; 1-2 at 5, 10, 28.)

On or about December 2, 2019 and December 9, 2019, Petitioner received credible fear interviews. (Doc. 1-2 at 5-30.) An asylum officer found Petitioner was credible but determined that he had not established a credible or reasonable fear of persecution or torture if removed to Sri Lanka. (*Id.* at 5-9, 31-33, 45.)[1] The asylum officer reasoned in part that Petitioner had "not established a reasonable fear of persecution . . . because . . . [t]here is no reasonable possibility that the harm [he] experienced and/or the harm [he] fear[s] is on account of [his] race, religion, nationality, political opinion, or membership in a particular social group," and had "not established a reasonable fear of torture . . . because [he had] not established that there is a reasonable possibility that . . . [t]he harm [he] fear[s] would be inflicted by or at the instigation of, or with the consent or acquiescence of, a public official or other person acting in an official capacity." (*Id.* at 45.) The determination was approved by a supervisory asylum officer (*id.* at 9), and on December 31, 2019, Petitioner was ordered removed from the United States (*id.* at 2-4, 45). Petitioner requested review of the credible fear determination by an Immigration Judge (IJ) (*id.* at 45), and on January 6, 2020, the IJ affirmed the asylum officer's credible fear determination.[2]

## II. Petition

In his Petition, Petitioner names Acting DHS Secretary Chad Wolf, United States Attorney General William Barr, Acting United States Immigration and Customs Enforcement (ICE) Director Matthew T. Albence, Acting United States Immigration and Citizenship Services (USCIS) Director Kenneth Cuccinelli, and former ICE Phoenix Field Office Director Henry Lucero as Respondents.[3] Petitioner asserts that this Court has

---

[1] Petitioner was deemed ineligible for asylum pursuant 8 C.F.R. § 208.13(c)(4) on the basis that he did not apply for protection from persecution or torture in at least one country through which he transited en route to the United States, and therefore found to have "not established a significant possibility of establishing eligibility for asylum and [] received a negative credible fear of persecution determination." (Doc. 1-2 at 9.) Consequently, Petitioner was screened only "for potential entitlement to withholding under INA [§] 241 or [Convention Against Torture] protection under a 'reasonable possibility of persecution' and 'reasonable possibility of torture' standard." (*Id.*)

[2] *See* Executive Office for Immigration Review (EOIR) Telephonic Case Status Information System (Ph. 1-800-898-7180) (last accessed Mar. 5, 2020).

[3] Under the rationale articulated in *Armentero, infra*, and in the absence of authority

habeas corpus jurisdiction to review his challenges pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).

Petitioner brings five grounds for relief. In Grounds One through Four, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the governing statute, the implementing regulations, and the Due Process Clause of the Fifth Amendment. Petitioner alleges the asylum officer failed to employ the required non-adversarial procedures when conducting his credible fear interview, denied him his right to counsel, improperly allocated the burden of proof, and misapplied the relevant regulations and binding case law when evaluating his credible fear claim. In Ground Five, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act.

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 22.)

The Court will require Respondents Wolf, Barr, Albence, Cuccinelli, and Lucero to answer the Petition.

**III.     Emergency Motion to Stay Removal**

In his Motion, Petitioner moves the Court to stay his removal from the United States while this action is pending. (Doc. 2 at 16.)[4] In the Ninth Circuit, "a petitioner seeking a

---

addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition).

[4] Petitioner also asks that he "not be relocated outside the state of Arizona." (*Id*.) Because the Motion does not contain any discussion to support this request, it is denied to the extent Petitioner seeks to enjoin his transfer.

1 stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

In the interests of justice, the Court will issue a temporary stay of removal. Petitioner is subject to a final order of expedited removal and states that "ICE requested his travel documents in early December," which indicates that his removal is "imminent." (Doc. 2 at 1.) Because removal would deprive him of the relief he seeks – asylum in the United States – he has shown that it is probable that he would suffer irreparable harm absent a stay. Petitioner has also shown that he has a substantial case on the merits, without prejudice to Respondents demonstrating the contrary, by raising material legal issues in the credible fear determination process. Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented.

**IT IS ORDERED:**

(1) Petitioner's Emergency Motion to Stay Removal (Doc. 2) is **granted** and a temporary stay of removal is **entered.** Respondents are enjoined from removing Petitioner Sachchithananthan Pakeerathan Riseepan (A# 213-357-784) from the United States pending further order of this Court.

(2) The Clerk of Court shall **email** a copy of this Order to the Immigration TRO Distribution List.

(3) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), (3) the Emergency Motion to Stay Removal (Doc. 2), and (4) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified

mail a copy of the Summons, the Petition, the Emergency Motion to Stay Removal, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Wolf, Barr, Albence, Cuccinelli, and Lucero pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(4) Respondents shall have **30 days** from the date of service to answer the Petition (Doc. 1). Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(5) Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply. *Failure to file a Reply may be deemed as consent to the denial of the Petition on the grounds presented in Respondents' Answer*.

(6) Petitioner must file a "Notice of Change in Status" with the Clerk of Court within **5 days** of any material change in Petitioner's immigration or custody status. Petitioner may not include a motion for other relief with the Notice.

(7) This matter is **referred** to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 5th day of March, 2020.

Honorable Steven P. Logan
United States District Judge